# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DAVID C. GODWIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO: -_____.__** |
| ) | |
| **GENESIS FS CARD SERVICES, INC** ) | ***TRIAL BY JURY REQUESTED*** |
| **AND GENESIS FINANCIAL** ) | |
| **SOLUTIONS, INC.** ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT

**COMES NOW,** Plaintiff David C. Godwin (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Genesis FS Card Services, Inc. and Genesis Financial Solutions, Inc (collectively hereafter referred to as "Defendants" ), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA"). The Defendant(s), through the use of an automated dialing machine, continually contacted Plaintiff on his cellular telephone after Plaintiff informed Defendants to cease this form of harassing communication. Defendants' continual attempts to contact Plaintiff via this method were so frequent as to be unreasonable and constitute harassment within the meaning of the Collection Agency Act, and constituted such a nuisance as to be clearly within the ambit of the TCPA's protections.

### PARTIES

1

1. Plaintiff David C. Godwin is an individual over the age of 18 residing at 839 Burwell St. Birmingham, Alabama 35221.

2. Defendant Genesis FS Card Services, Inc. is and at all times herein referenced was, an Oregon Corporation and is affiliated with and acted on behalf of Defendant Genesis Financial Solutions, Inc. by contacting plaintiff in order to collect an alleged debt. As a consequence of Genesis FS Card Services, Inc.'s activities directed at the Plaintiff, a resident of the State of Alabama, it was reasonably foreseeable that the effects of its actions would be felt by Plaintiff in this state. Defendant Genesis FS Card Services, Inc. is available for service of process via a Registered Agent, to wit: CT CORPORATION SYSTEM, 780 COMMERCIAL STREET SE, SUITE 100, SALEM, OREGON 97301.

3. Defendant Genesis Financial Solutions, Inc., is and at all times herein referenced was an Oregon Corporation registered to transact business within the State of Alabama, transacting substantial business in Alabama, having certain minimal contacts with the State of Alabama and available for service of process via a Registered Agent, to wit: LEXIS DOCUMENT SERVICES, INC., 150 S. PERRY ST., MONTGOMERY, ALABAMA 36104.

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and 28 U.S.C. § 1367 Supplemental Jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendants transact business in this District.

## FACTUAL ALLEGATIONS

4. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, Jefferson County, by the Defendants placing of unlawful telephone calls to Plaintiff's cellular telephone.

5. Defendants, at all material times, was attempting to collect a consumer debt relating to a loan Defendants made to Plaintiff.

6. On or about, February 22, 2017, Plaintiff received a phone call from Defendant Genesis FS Card Services, Inc. to collect an allegedly outstanding consumer debt on an Indigo Platinum MasterCard branded credit card issued by Defendant Genesis Financial Solutions, Inc.

7. Defendant Genesis FS Card Services, Inc. acted as the agent of Defendant Genesis Financial Solutions, Inc., or, in the alternative, acted on its own behalf as a third-party debt collector in its attempts to contact Plaintiff in order to collect a debt.

8. During the telephone call, Plaintiff informed Defendants to stop calling his cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

9. Plaintiff's oral communication of his demand not to be contacted by Defendants constitutes a reasonable method of revoking consent within the meaning of the FCC's Declaratory Ruling and Order dated July 10, 2015 ("TCPA Ruling").

10. Defendants nevertheless continued to contact Plaintiff on his cell phone, through live calls, voicemails, robocalls, and text messages, on innumerable occasions.

11. Plaintiff consistently re-expressed his demand not to be contacted by Defendants on numerous other occasions.

12. After Plaintiff's initial revocation of consent, Plaintiff has received in excess of 40 telephone calls and text messages from Defendant Genesis FS Card Services, Inc., in an attempt to collect this debt.

13. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in 1630 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendants knowingly and/or willfully called Plaintiff's cellular telephone after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

16. Defendants knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from February 22, 2017 through the filing of this complaint.

17. Defendants used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone.

18. Defendants initiated calls to the Plaintiff using, among others, the following telephone numbers:

    (a) 423-382-0114

    (b) 205-690-4895

19. The Plaintiff's phone number at which he was contacted by the Defendants ends in the following 4-digit code 1630.

20. Defendants placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

21. Defendants left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

22. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. None of Defendants' telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

25. Plaintiff incorporates all allegations in paragraphs 1-24 above as if stated fully herein.

26. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

27. Defendants used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

28. Defendants independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendants placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

WHEREFORE, Plaintiff David C. Godwin demands judgment against Defendants, Genesis FS Card Services and Genesis Financial Solutions, Inc., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after February 22, 2017;

b. any other relief the Court deems just and proper.

## COUNT II

### WILLFULL OR KNOWING VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

30. The phone calls made by Defendants are considered willing and knowing violations of the TCPA, as Defendants are well aware of the TCPA and its prohibitions.

31. As part of Defendants' business, it regularly contacts debtors in an attempt to collect debts.

32. Due to the nature of Defendants business described above, defendant is well aware of the proscription of the TCPA and all FCC Regulations, Declarations, and other guidance.

33. It is therefore incumbent upon the Defendants to comply with the TCPA, FCC Regulations, and other guidance.

34. The decision to ignore the proscriptions of the TCPA, FCC Regulations, and other guidance, or fail to institute procedures designed to prevent violations of the TCPA, FCC Regulations, and other guidance, is a willful violation of the TCPA.

WHEREFORE, Plaintiff David C. Godwin demands judgment against Defendants, Genesis FS Card Services and Genesis Financial Solutions, Inc., for the following relief:

a. In addition to the relief requested in Count I, treble damages pursuant to 47 U.S.C. § 227(b)(3) (flush language) of the amount determined in Count I in the amount of $500.00 for each of the independent violations occurring after February 22, 2017;

b. any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues.

                                                s/ Rhon E. Jones_____
                                                RHON E. JONES (JON093)
                                                JEFFERY D. PRICE (PRI086)

                                                **ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Facsimile)
rhon.jones@beasleyallen.com